

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEROME MAHER, | )<br>)<br>) |
| Plaintiff, | ) No. 03 C 3421<br>) |
| v. | ) Magistrate Judge Jeffrey Cole<br>) |
| CITY OF CHICAGO, | )<br>) |
| Defendant. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

The defendant City of Chicago, which prevailed in this litigation by virtue of a jury verdict on July 12, 2007, has filed a Bill of Costs pursuant to Fed.R.Civ.P. 54(d) in the amount of $9,747.71.

Under Fed.R.Civ.P. 54(d)(1), "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Those "costs" are delineated in 28 U.S.C. § 1920: (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987); *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir.2005). The taxation of costs against the losing party entails two inquiries: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir.2000). A painstaking judicial inspection of a bill of costs is unnecessary, however, because as Judge Posner has observed,

there is a market constraint on running up excessive expenses. When incurring its expenses, the eventual prevailing party cannot be assured of victory and cannot assume that it will be reimbursed when the time comes to submit a bill of costs. Consequently, the uncertainty of litigation acts as a governor on spending. *Anderson v. Griffin*, 397 F.3d 515, 522 (7th Cir. 2005)

Here, the City seeks three categories of costs: (1) court reporter fees and costs of transcripts obtained; (2) expenses related to procuring witnesses for trial; and (3) photocopying. All three types of costs are allowable under the statute, 28 U.S.C. § 1920(2); (3); (4), and the plaintiff does not argue otherwise. What the plaintiff does argue, albeit without vigor, is that the amounts sought are unreasonable; without much vigor, because the plaintiff fails to cite a single case in its Motion Disputing the Bill of Costs as Stated by the City of Chicago. Because the plaintiff, as losing party, bears the burden of demonstrating that the challenged costs are inappropriate, this is a self-defeating tactic. *See Plan Trust Funds v. Royal Intern. Drywall and Decorating, Inc.*, 493 F.3d 782, 789 (7th Cir. 2007)(undeveloped argument citing no authority may be deemed waived); *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir.2000) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).").[1]

### Court Reporter Fees and Transcript Costs

The City asks for $7,371.30 in deposition and trial transcript costs. Such items are enumerated as costs allowable when "necessarily obtained for use in the case." 28 U.S.C. §1920(2); *Republic Tobacco Co. v. North Atlantic Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007). While

---

[1] The City was given the opportunity to file a reply brief, with a deadline of September 24, 2007. (Dkt. # 136). That date passed with not reply brief from the City. As such, the City has waived its right to file a reply. N.D.Ill.L.R. 78.3.

the court may not tax the cost of transcripts provided merely for attorneys' convenience, the inquiry is not whether the transcript was actually used in court or in a motion. *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000); *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). *Ruth*, 7 F.3d 636, 645 (7th Cir.1993). "[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are reasonably necessary." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir.1993).

Here, there is no dispute that the transcripts were reasonably necessary, as the City employed them in its motions for summary judgment, and during trial. There is also no dispute that the City is requesting rates allowable under Local Rule 54.1 for transcripts, *see* http://10.205.15.104/CLERKS_OFFICE/CrtReporter/trnscrpt.htm, or that the court reporter attendance fee of $35.00 it requests is reasonable. *Held v. Held*, 137 F.3d 998, 1002 (7th Cir.1998)(court reporter attendance fee allowable); *Buffone v. Rosebud Restaurants, Inc.*, 2006 WL 3196931, *2 (N.D.Ill. Oct. 31, 2006)($55.00 per hour reasonable); *Spears v. Local No. 134, Intern. Broth. of Elec. Workers*, 2006 WL 2349975, *2 (N.D.Ill. Aug. 10, 2006)($42.00 per hour); *Eleby v. Unilever Food Solutions*, 2006 WL 1749903, *2 (N.D.Ill. June 20, 2006)($40.00 per hour); *but see Gyrion v. City of Chicago*, 454 F.Supp.2d 725, 726 (N.D.Ill. 2006)(court reporter attendance fees not recoverable). The plaintiff's only complaint with the City's Bill of Costs as it pertains to transcripts is that the amount requested includes word indexes, which the plaintiff deems unnecessary and obtained only for attorney convenience. As already noted, the plaintiff provides no support for this contention.

At least one court has disallowed the costs of transcript indices in Rule 54(d) awards, calling word indices "unnecessary 'extras.'" *See Chamberlain Mfg. Corp. v. Maremont Corp.*, 1995 WL

769782, *4 (N.D.Ill. Dec. 29, 1995). But while they may not be indispensable, one of the most frequently cited laments in this circuit is that "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Accurate citation to the record is not merely appreciated, it is demanded. *Roger Whitmore's Auto. Services, Inc. v. Lake County, Illinois*, 424 F.3d 659, 664 (7th Cir. 2005)("It is not the duty of the district court to scour the record . . . ."); *Ehrhart v. Secretary of Health and Human Services*, 969 F.2d 534, *537 n.5 (7th Cir. 1992)("Once again we observe that compelling the court to take up a burdensome and fruitless scavenger hunt for arguments is a drain on its time and resources."); *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 818 (7th Cir. 2004)("A court should not be expected to review a lengthy record for facts that a party could have easily identified with . . . a specific page reference."). As such, word indices in transcripts provide a resource for both attorneys *and* the court; a resource that, while perhaps not indispensable, is nevertheless, "reasonably necessary." Those costs will be allowed.

**Witness Costs**

The City seeks a total of $1,677.48 in witness fees. "Fees and disbursements for . . . witnesses" are specifically allowable as costs under 28 U.S.C.A. § 1920. Those "fees and disbursements" are governed by 28 U.S.C. § 1821. That provision limits the witness fee authorized by § 1920 to forty dollars per day. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995). It also provides that a witness who travels by common carrier be paid "the actual expenses of [that] travel," and that a witness whose overnight stay is required be given a "subsistence allowance" not to exceed the maximum per diem allowance prescribed by the Administrator of General Services. 28 U.S.C. § 1821(c),(d); *Majeske*, 218 F.3d at 826. The limitations are to be strictly observed.

4

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987). Here, those limitation require that certain of the City's requested costs be pared.

A review of the City's itemization of its witness attendance fees reveals that it asks for an amount in excess of $40.00 for every witness. (*City of Chicago's Memorandum in Support of Bill of Costs*, Ex. B). Accordingly, the total excess amount – $127.41 – will be disallowed.

In addition, the City asks for $289.65 for one night's hotel accommodations for Mary Rose Loney. This exceeds the maximum per diem rate for Chicago for July 12, 2007, which was $205. *See* http://www.gsa.gov/Portal/gsa/ep/contentView.do?queryYear=2007&contentType=GSA_BASIC&contentId=17943&queryState=Illinois&noc=T. As such, the City's allowable costs must be further reduced by the difference, or $84.65.

**Copying Costs**

Finally, the City asks to recoup $428.45 in photocopying costs, at a rate of $0.15 per page. Under Section 1920(4), the City is entitled to "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." The plaintiff finds fault with the City making three, or even two, copies of certain documents, but this is not excessive when papers are both filed with the court and provided to opposing counsel, as review of the City's itemization reveals here. *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000). The plaintiff also complains about the rate of $0.15 per page, but this is within the accepted rate. *Bellino v. Mineta*, 2007 WL 2317202, *3 (N.D.Ill. , 2007)(rate of $.20 per page); *Helzing v. Loyola University of Chicago*, 2004 WL 2608287, *4 (N.D.Ill. , 2004)( $0.195 per page); *Harkins v. Riverboat Servs., Inc.*, 286 F.Supp.2d 976, 982 (N.D.Ill.2003)(reasonable rate range of $0.10 to $0.20). Accordingly, the City's copying costs will be allowed.

5

## CONCLUSION

The City of Chicago's Bill of Costs [#133] is allowed as modified. The City is awarded costs in the amount of $9,535.65.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 10/2/07